[Crim. No. 3986.  In Bank.—April 2, 1936.]

THE PEOPLE, Respondent, v. ELTON M. STONE, Appellant.

Arthur C. Shepard, Edward L. Kellas and A. W. Carlson for Appellant.

U. S. Webb, Attorney-General, and Dan F. Conway, District Attorney, for Respondent.

THOMPSON, J.—The defendant was indicted for murder. At the time of arraignment, it appeared that he had not secured counsel. The court explained to him the charge and the possible penalty therefor and, upon defendant's request, appointed counsel. After arraignment, ample opportunity was extended defendant for consultation with the two lawyers appointed by the court, before he was required to enter his plea. He pleaded guilty to the charge and the court took evidence for the purpose of ascertaining whether there were any facts which would justify the court in imposing a life sentence instead of the extreme penalty. The trial judge concluded that there were no such facts and sentenced defendant to be hanged.

The appeal is here because, in 1935, the legislature amended section 1239 of the Penal Code by inserting the following sentence:

"When judgment of death is rendered, upon any plea, an appeal is automatically taken without any action by the defendant or his attorney."

At the time set for the oral argument on this appeal, both of the attorneys for defendant appeared and stated that in their opinion there was no ground upon which a reversal could be based and that in truth, the entire proceeding was fair and in conformity with the law. We deem it unnecessary, under the circumstances, to detail the evidence. Suffice it to say that we have read the testimony, including a full and apparently complete confession by the defendant. It demonstrates beyond question that defendant is guilty of a deliberate and premeditated killing of a high school girl in Fresno, under peculiarly aggravated circumstances. It follows that the judgment should be and it is hereby affirmed.

Waste, C. J., Langdon, J., Conrey, J., Curtis, J., Seawell, J., and Shenk, J., concurred.